IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CAROLYN L. WASHINGTON,

                                        Plaintiff,

v.                                                              Civil Action Number 3:07CV482

UNITED STATES DEPARTMENT OF
DEFENSE, DEFENSE LOGISTICS AGENCY,

                                        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss filed by defendant United States Department of Defense, Defense Logistics Agency ("defendant").  The plaintiff, Carolyn L. Washington ("plaintiff"), proceeding *pro se*, filed an Opposition to Defendant's Motion.  Plaintiff then retained counsel and filed a new Memorandum in Opposition to Defendant's Motion to Dismiss.  Defendant has replied to both of plaintiff's responses, and the matter is ripe for disposition. The parties have submitted the motion to the Court for a decision on the briefs without oral argument.

## I. FACTS

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging sexual harassment, retaliation, and constructive discharge in federal employment.  Plaintiff also brings tort claims.  On July 28, 2006, plaintiff reported to the Defense Supply Center Richmond ("DSCR") Equal Employment Opportunity ("EEO") office that she was allegedly sexually harassed by her second line supervisor on February 16, 2006, and that she was retaliated against by not being

selected for a promotion she had applied for in March 2006.  She also alleged during informal counseling that she was retaliated against when her supervisor allowed her team leader to yell at her. On August 7, 2006, plaintiff received a Notice of Rights and Responsibilities Under Title 29 of the Code of Federal Regulations ("CFR") Part 1614 from EEO Counselor Janice Johnson.  Plaintiff also received and signed a Certification of EEO Counseling and Processing Election stating her complaints and identifying April 14, 2006 as the date the alleged discriminatory incident occurred and July 28, 2006 as the date plaintiff initially contacted the EEO office.  Informal counseling failed to resolve the issues, and plaintiff was notified,  by letter dated August 18, 2006, of her right to file a formal administrative EEO complaint, which she did on September 1, 2006, alleging sexual harassment, non-promotion and gender discrimination.

The DSCR Equal Employment Manager dismissed plaintiff's administrative complaint by letter dated September 7, 2006.  He dismissed the first two claims for untimely contact with an EEO counselor pursuant to 29 C.F.R. §1614.105(a)(1), and the third claim for failure to state a claim pursuant to 29 C.F.R. §1614.107(a). Plaintiff filed a timely appeal with the Equal Employment Opportunity Commission's Office of Federal Operations (OFO) on October 30, 2006, and the OFO issued a decision on May 17, 2007, affirming the agency's dismissal of plaintiff's complaint. Plaintiff has not filed an administrative tort claim with the Office of the Staff Judge Advocate at Fort Lee, Virginia, which is the office responsible for processing tort claims involving DSCR.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief may be granted if the plaintiff fails to meet her obligation to provide the grounds of her entitlement to relief.  Bell Atlantic Corp. v. Twombley, ___ U.S. ___,

127 S. Ct. 1955, 1964-65 (2007).  "Conclusory allegations that are unsupported by factual assertions are not sufficient to withstand" a motion to dismiss for failure to state a claim.  <u>Friday v. Commonwealth of Virginia</u>, No. 3:00cv867, 2001 U.S. Dist. LEXIS 9896, at *3 (E.D. Va. July 12, 2001), <u>aff'd</u>, 2002 U.S. App. LEXIS 8328 (4th Cir. 2002).  In considering a Rule 12(b)(6) motion, the court can consider documents outside of the pleadings, "so long as [they] are integral to and explicitly relied upon in the complaint," such as plaintiff's informal and formal discrimination complaints.  <u>Lorenzo v. Rumsfeld</u>, 456 F.Supp.2d 731, 734 (E.D. Va. 2006), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Lorenzo v. Gates</u>, No. 06-2332, 225 Fed. Appx. 165 (4th Cir. April 30, 2007) (unpublished).

The Court finds that plaintiff has failed to show that her administrative complaint was timely filed, that she fails to state a cognizable claim under Title VII, and that she fails to show that the Court has jurisdiction over her tort claims. First, plaintiff failed to timely exhaust her administrative remedies before filing her judicial complaint.  A person who asserts a Title VII discrimination claim in U.S. district court must pursue and exhaust her administrative remedies prior to filing the action. If a plaintiff fails to do so, her complaint will be dismissed.  <u>Brown v. Gen. Servs. Admin.</u>, 425 U.S. 820, 832 (1976).  Federal sector employees like plaintiff must contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. §1614.105(a).  Plaintiff does not dispute that she failed to contact the EEO Office until July 28, 2006, more than five months after the alleged sexual harassment and four months after she did not receive a promotion.  She provides no excuse for her failure to contact an EEO counselor within 45 days of the alleged retaliatory personnel action to promote someone else in March 2006.

Plaintiff argues that the 45-day limit should be extended, pursuant to 29 C.F.R. §1614.105(a)(2), because she was not notified of the time limits and was not otherwise aware of them. The Court is not persuaded by plaintiff's argument because plaintiff was notified of the time limit by at least two means: the official permanent posting memorandum at DSCR notifying civilian employees of the 45-day time limit and of where to file a complaint, which was posted steps away from plaintiff's cubicle; and the EEO training on sexual harassment that plaintiff received on August 31, 2005, which warned plaintiff of the 45-day time limit. Plaintiff is not entitled to equitable relief from her failure to timely comply with the time limit because she has not made a showing of affirmative misconduct on the part of the government. See Zografov v. V.A. Medical Center, 779 F.2d 967, 969-70 (4th Cir. 1985). There was no misconduct because the DSCR regularly and properly informed its employees of the 45-day time limit.

Plaintiff also argues that her failure to timely exhaust her administrative remedy was justified because when she complained to her supervisor about the alleged sexual harassment, he failed to notify her of the need to file a complaint with the EEO Office within 45 days. Even taking this allegation as true, a discussion with a supervisor concerning a potential sexual harassment complaint is not the equivalent of indicating an intent to initiate an administrative complaint of discrimination with an EEO office, nor does it rise to the level of affirmative misconduct on the part of the government. See Nealon v. Stone, 958 F.2d 584, 589-90 (4th Cir. 1992).

In sum, the Court finds that plaintiff had both actual and constructive knowledge of the time limits and the appropriate manner in which to make a complaint of discrimination. However, she failed to file her complaints with the EEO Office within the 45-day time limit, so her complaints of sexual harassment and non-promotion are dismissed.

4

Next, the Court finds that plaintiff has failed to state a cognizable claim of gender discrimination or reprisal regarding the incident in which she alleges a work leader yelled at her. Plaintiff complains that her Division Chief "made [her] wait three (3) days to discuss the Work Leader incident," and that her first line supervisor "failed to mention counseling of any type . . . the Employee Assistance Program, or EEO rights . . ."   The Fourth Circuit has mandated that in a discrimination case, the Plaintiff must show an "ultimate employment" action that affects "hiring, granting leave, discharging, promoting, and compensating." Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981).   Plaintiff's complaints about the incident do not demonstrate the type of ultimate employment action necessary for a *prima facie* case of discrimination. See Munday v. Waste Mgmt. of North America, Inc., 126 F.3d 239, 243 (4th Cir. 1997).   Accordingly, plaintiff's claim of gender discrimination and reprisal related to the work leader incident is dismissed.

Lastly, the Court finds that it does not have subject matter jurisdiction over plaintiff's tort claims.   Although plaintiff does not press her tort claims in her counseled Memorandum in Opposition to Defendant's Motion to Dismiss, she complained in her first Opposition to Defendant's Motion, filed *pro se*, that "the Defendant did not ensure my safety or well-being."   The Court dismisses this claim because Title VII is her exclusive remedy.   Title VII provides the exclusive remedy for claims of discrimination in federal employment.   42 U.S.C. §2000e-16; Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976).   Since plaintiff's tort claim is wholly derivative of the alleged sexual harassment conduct giving rise to her Title VII claims, she must look to Title VII as her exclusive remedy.   Additionally, in regard to all of plaintiff's tort claims, she has failed to show that she has exhausted the administrative procedure required under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.   The Fourth Circuit has held that "the requirement of filing an

administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). The Court is therefore deprived of subject matter jurisdiction over plaintiff's alleged tort claims. See Eveland v. Dir. of the C.I.A., 843 F.2d 46, 50 (1st Cir. 1988). Pursuant to Federal Rule of Civil Procedure 12(b)(1), plaintiff's tort claims are dismissed.

III. CONCLUSION.

In summary, defendant's motion to dismiss is GRANTED, and plaintiff's complaint is DISMISSED WITH PREJUDICE.

An appropriate order shall issue.


July 11, 2008                                          /s/
DATE                                    RICHARD L. WILLIAMS
                                        SENIOR UNITED STATES DISTRICT JUDGE